UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TEDDY HILL,

                Plaintiff,

                                              **Hon. Hugh B. Scott**

             v.

                                                03CV742

                                                (CONSENT)

DR. TAKOS, et al.,

                                                **Order**

                Defendants.
_____

        Before the Court is defendants' motion for summary judgment (Docket No. 43[1]). The parties consented to proceed before the undersigned as Magistrate Judge on July 7, 2004 (Docket No. 10). According to the initial briefing schedule for this motion, plaintiff's response was due by December 18, 2006, with any reply due by January 16, 2007, and the motion deemed submitted (without oral argument) on January 16, 2007 (Docket No. 48, Order of Nov. 17, 2006). Plaintiff requested an extension of time to complete discovery (see letters of plaintiff's counsel to Chambers, Nov. 22, 2006, and Dec. 1, 2006) and that request was granted in part, factoring in the age and past delays in this case (see infra). Despite representations by plaintiff of the limited availability of the witness in question, responses then were due by February 13, 2007, and any reply by March 2, 2007 (Docket No. 49, Order of Dec. 5, 2006).

---

[1] In support of this motion, defendants filed their memorandum of law, Docket No. 44; their Statement of Facts Not in Dispute, Docket No. 45; declarations by defendant Magee, Docket No. 46, and defendant Dr. Takos, Docket No. 47, with exhibit (plaintiff's medical records).

Plaintiff wrote on Jan. 26, 2007, that one witness, defendant Dr. Stein, would be available on February 12, 2007, for his deposition and that the transcript and other records would be available by the end of March (letter of counsel to Chambers, Jan. 26, 2007). Plaintiff, however, did not move to further extend this schedule. He did not file a response on February 13, 2007, or represented thereafter whether that deposition occurred or not, and defendants have not filed a reply.

## BACKGROUND

Plaintiff, an inmate who initially proceed pro se and who was granted in forma pauperis status (see Docket No. 5), sued defendants (Dr. Takos, a doctor employed by the New York State Department of Correctional Services (see Docket No. 47, Takos Decl. ¶ 1), physician's assistant Magee (Docket No. 46, Magee Decl. ¶ 1), medical staff at the Attica Correctional Facility, and Dr. Sheldon Stein, an orthopedic specialist (Docket No. 45, Defs. Statement ¶ 20; Docket No. 47, Takos Decl. ¶ 10) for violating his Eighth Amendment rights by being deliberately indifferent to his medical condition (Docket No. 1).

On July 7, 2001, plaintiff complained of pain in his wrist. Defendant Magee instructed the facility's nurse to treat by ice, a splint, and a pain reliever (see Docket No. 45, Defs. Statement ¶¶ 4-6; Docket No. 46, Magee Decl. ¶ 6). On the next day, plaintiff reported that this treatment was not working (Docket No. 45, Defs. Statement ¶ 8). Plaintiff then was treated in the prison infirmary and Dr. Takos prescribed more potent pain relievers (Demerol and Vistarel), although he sought to be placed in a hospital (id. ¶¶ 9-12). Later that day, plaintiff still complained of pain and he was ordered to the hospital (id. ¶¶ 14-16). Plaintiff's wrist was x-rayed at the hospital and it revealed a perilunate dislocation but no obvious fracture (id. ¶ 17), in

other words, a dislocated wrist (id. ¶ 19). The orthopedic specialist, Dr. Stein, prescribed a forearm splint, Motrin and Tylenol, and that plaintiff elevate his arm on a pillow, and that plaintiff see Dr. Stein at his clinic (id. ¶¶ 20-21). Plaintiff saw Dr. Stein again on July 19, 2001, when surgery was determined to be necessary (id. ¶¶ 28, 30). On July 23, 2001, Dr. Stein performed the closed reduction procedure (to align the wrist and insert a screw to stabilize the bones) on plaintiff (id. ¶¶ 31-33), and plaintiff's wrist "looked good" at the problem area (id. ¶ 34). A second procedure was performed on that wrist in August 2001 to realign the bones because the first procedure was not successful (id. ¶¶ 35-36). Following the second procedure x-rays showed that the wrist was "much improved" (id. ¶ 37). Plaintiff then received ongoing and continuous care for the wrist (id. ¶ 38).

Plaintiff moved to amend the Complaint (Docket No. 15) to which leave was granted (Docket No. 23; see Docket Nos. 25, 26, 28, 31, 32, 33) but plaintiff never filed the Amended Complaint. Plaintiff later retained counsel (see Docket No. 26). The parties later noted that there are pending two state court actions involving these claims (Docket No. 34) that may render this action moot. The parties then made repeated requests for extensions of various Scheduling Order deadlines to allow the state actions to proceed (see Docket Nos. 35, 36, 37, 38, 39, 40, 41), including extending the time for briefing defendants' latest motion (see Docket Nos. 48, 49).

Defendants argue, first, that claims against Dr. Stein should be dismissed because he was never served and the time to serve him has passed (Docket No. 45, Defs. Memo. of Law at 1). As to the remaining, appearing defendants, they argue that plaintiff fails to show negligence, much less the deliberate indifference required for an Eighth Amendment claim (id. at 7). They contend that this case, as a mere negligence or medical malpractice claim, cannot be raised in this

3

Court under New York Corrections Law § 24(1) (id. at 8). Dr. Takos and Magee each also claim qualified immunity (id. at 9-11).

Plaintiff's outstanding discovery sought to inquire from Dr. Stein whether there was deliberate indifference in plaintiff's treatment (see Docket No. 49, Order at 2).

## DISCUSSION

I.   Standards

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis

in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

Under Rule 41(b), a failure by plaintiff to prosecute the case may subject the case to dismissal as if on the merits. The Court has the inherent power to sua sponte dismiss an action for failure to prosecute, see Link v. Wabash R., 370 U.S. 626 (1962).

II.    Dr. Stein

Defendants note that Dr. Stein was never served with the Complaint and the time to serve him has long passed. Although not representing Dr. Stein, defendants urge to dismiss the action as to him in all respects (Docket No. 44, Defs. Memo. at 1). Plaintiff was given an opportunity (both proceeding pro se and with retained counsel) to file and serve an Amended Complaint, and to reopen the time to serve Dr. Stein, but plaintiff has not done so. Thus, claims against Dr. Stein are **dismissed**.

III.   Failure to Prosecute

Despite the time sought by plaintiff to conduct his discovery, he has not moved to further extend the briefing schedule for this motion nor has he filed responsive papers. On this basis, plaintiff has failed to prosecute this action and it is **dismissed**.

Alternatively, this case may be dismissed on its merits, as discussed below.

IV.    The Merits--Deliberate Indifference

    A.    Standard

Plaintiff asserts a deliberate indifference claim under the Eighth Amendment, and as such has the burden of proving that defendants acted with deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976).

The Eighth Amendment prohibits infliction of "cruel and unusual punishments" which includes punishments that "involve the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976) (citations omitted); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995).  The Eighth Amendment applies to prison officials when they provide medical care to inmates.  Hathaway, supra, 37 F.3d at 66; see Estelle, supra, 429 U.S. at 103.  "To establish an unconstitutional denial of medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Hathaway, supra, 37 F.3d at 66 (quoting Estelle, supra, 429 U.S. at 104).  Mere negligent treatment or malpractice upon a prisoner, however, does not create an Eighth Amendment violation.  Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972).

This claim has two elements, an objective component, that the deprivation must be sufficiently serious; and a subjective component, that the defendant official must act with sufficiently culpable state of mind.  Hathaway, supra, 37 F.3d at 66.  "Sufficiently serious" for the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain."  Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) (quoted in Hathaway, supra, 37 F.3d at 66).  Plaintiff needs to prove that defendants wantonly intended to cause him to suffer.  Wilson v. Seiter, supra, 501 U.S. at 302.

  B. Application

Defendants argue that plaintiff has not proved mere negligence let alone deliberate indifference in their treatment of plaintiff and his wrist.  Defendants promptly treated plaintiff's wrist, going through the protocol of simpler to more complex treatments, including two surgeries.  Here, plaintiff only establishes, at the most, negligence or malpractice in treatment of

his injured wrist and this is not cognizable as a constitutional deliberate indifference claim. "Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates. Moreover, courts have repeatedly held that a prisoner does not have the right to the treatment of his choice. . . . [The] mere disagreement with prison medical personnel concerning the appropriate course of treatment and level of care that he should receive." Ross v. Kelly, 784 F. Supp. 35, 44-45 (W.D.N.Y.) (Larimer, J.) (citations omitted), aff'd without opinion, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992). At best, plaintiff may allege malpractice. Mere negligent treatment or malpractice upon a prisoner, however, does not create an Eighth Amendment violation. Corby, supra, 457 F.2d at 254.

IV.     Qualified Immunity

Given the disposition of the claim on its merits, the Court need not consider defendants' alternative grounds of their entitlement to qualified immunity for their actions here.

## CONCLUSION

For the reasons stated above, defendants Dr. Takos and Magee's motion for summary judgment dismissing this case (Docket No. 43) is **granted**; claims against unserved defendant Dr. Stein are also **dismissed**. The Court Clerk is instructed to file judgment consistent with this Order and to close this case.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       March 8, 2007